Good morning. May it please the court. I'm Peter Henderson. I represent J. R. The district court did not have jurisdiction to hear this case. The certification that the attorney general filed did not contain a certification that J. R. was charged with a crime of violence. I think that... Counsel, I must say I'm puzzled. Why do you describe this as a question of jurisdiction? The United States brief also describes it as a question of jurisdiction, but why? Well, every circuit to have considered the question considers Section 5032 to be a jurisdictional... But why? Because... The Supreme Court has said that jurisdiction means adjudicatory competence. Right. And there is no doubt whatever under both Section Paragraph 1 and Paragraph 4 of this statute that the district judge has adjudicatory competence to decide whether this charge concerns a crime of violence. Right, but... And that's the end of jurisdiction under the Supreme Court's test. Well... The judge might have decided the question incorrectly. Right. That's your contention, but getting an answer wrong is fundamentally different from not having jurisdiction to decide at all. Well, I think that certainly the district court has jurisdiction to determine its own jurisdiction, but Congress abolished... It has jurisdiction to decide whether RICO conspiracy is a crime of violence. That's right. So there's no jurisdictional issue here. The only question is whether the judge was right or wrong. I think that's right. But if RICO conspiracy is not a crime of violence, there is no jurisdiction to hear this juvenile case because Congress abolished general jurisdiction for federal courts to hear juvenile cases. This is not based on Section 3231. It's based only on 5032. And so if the requirements of 5032 are not met, then there's no jurisdiction to hear any of this case. But the issue here is not a jurisdictional issue. It's just whether the judge is right. I think that's right. And there have been cases about what parts of the certification can the judge look into and which parts the judge cannot look into. But I think we all agree that the case does come down to whether RICO conspiracy is a crime of violence or not. Whether that's jurisdictional or not, I think doesn't matter to the end result that this case needs to be remanded with instructions to dismiss. How does Deva Sahas play into this then? Well, so under this court's law, the residual clause is not available to determine whether an alleged offense is a crime of violence. So Section 16, which is incorporated by reference into Paragraph 1 of 5032, Section 16B is unconstitutional. It can't be relied upon. So that leaves 16A, which undisputedly, the elements clause, does not make RICO conspiracy a crime of violence. Now, Deva Sahas may be in some way affected by DeMaia. We don't know. The Solicitor General, of course, his main argument is DeMaia is an immigration case, not a criminal case. And our argument is that even if DeMaia comes out some way, 5032 is still affected by the rule of Johnson because it is a criminal case. It depends on what the justices say. They could say Section 16B is constitutional across the board. Right. They could say it's constitutional only in civil cases.  There may even be other options, but those are the three principal ones. And the fact that there are three may be why it's taken more than a year and a half to decide it. They may be having a little trouble finding one of them supported by five justices. But there they are. And if they take option two, that is, it's valid in civil cases and we're not saying anything about it otherwise, they may well grant another case to pursue that other issue. In fact, the Solicitor General has filed a cert petition in the United States against Jackson from this circuit presenting that issue in a clean criminal case. Right. But the district court, when this was filed in May of 2017, has to abide by this court's law. And under this court's law, we contend the district court didn't have jurisdiction to go forward in this case. You have to get over the threshold to continue to detain, to transfer to adult status. You have to get over the threshold in paragraph one. And under this court's law, which still controls until there's a change of law, if there is one by the Supreme Court, the district court does not have the power to proceed in this case because this is clearly not a crime of violence. Let me spend just a few minutes, though. Let's say that 16b is available. Let's say that it is not unconstitutionally vague. This court in Bush v. Pitzer said conspiracy offenses do not involve a substantive risk that physical force would be used. Conspiracy offenses are just that. It's an agreement to commit a crime. And especially when you look at RICO. Now, the prosecutor cites two cases from other circuits disagreeing with that proposition. That's right. What's wrong with those decisions? That's the juvenile mail case in the Ninth Circuit and U.S. v. Doe in the second. Those cases share one problem, which is they don't adequately apply the categorical approach. This is what we noted in our brief, I think on page 23, where under Mathis, you have to look at elements and means. And RICO conspiracy does not require proving. Well, they are certainly post-Taylor cases where the categorical approach was developed. That's right. So I take it your argument is we should simply disapprove them and not follow them. That's entirely correct. But it's awfully hard to blame the prosecutor when the prosecutor has the support of the only two appellate cases that seem to be available. You haven't found any contrary appellate authority. Well, Bush v. Pitzer says conspiracy is not a crime of violence under Section 924C. So this court's authority says this is not a crime of violence under either clause. The other circuits don't have those cases. The Ninth Circuit, of course, was reversed into camp for not following Taylor. The Second Circuit, well, one of them was considering RICO conspiracy before Salinas came out in the Supreme Court. And so it was applying a completely different understanding of what the law was. So perhaps our complaints are unfair. It's not as if there is no authority to support the government side. But the authority in this circuit is that this conspiracy is not a crime of violence. So this charge should never have been brought. I'll reserve the rest of my time for rebuttal. Certainly, Mr. Henderson. Mr. Reeds, did you get your shopping done? I did some online shopping very quickly on my phone. May it please the Court, I think as our brief said, we agreed that under current standing law in this circuit, this transfer was improper. We just wanted to preserve the issue as the Circuit 2nd and 9 have said. The question I have is, or at least a question I have, is how do you preserve an issue just by citing two cases and not addressing an argument that they are wrongly decided or inconsistent with the law of the Seventh Circuit? I looked in your brief for the argument that a RICO conspiracy is a crime of violence under Section 16b, and I couldn't find one. And it's not as if it were a long brief. I don't think I've overlooked anything. I would agree the brief and that section were perfunctory. For one reason, we didn't want to spill too much ink and waste this Court's time on an issue that is hypothetical. But you realize that one thing that can happen is that you can lose this appeal right here and now on the ground that even if the Supreme Court says 16b works, you haven't preserved an argument about how it applies to RICO conspiracy. That would be about a two-sentence unpublished order. We think in that circumstance, in one, our citation to authority, plus I would point out that J.R. in his brief requested that if DeMaias decided in the favor of the government that supplemental briefing be granted. You don't get two chances to brief an issue. You have to brief the issue in your brief. You can't say we're taking a day off today, we're not really briefing it. If you think it's important, let us brief it later. It's not how appellate practice works. You know, the government appears to concede that there's been no lawful basis to charge or hold, you know, J.R. as an adult since his arrest in June of 2017. Would you agree that what you'd order is immediate release? Do you want us to delay ruling until DeMaias decided and just keep him there? We think that option is available to the court. However, the former is not terribly objectionable to us, no. So what should we do? You tell us what to do. I think hold the case in abeyance. And him, too. So you want this kid to remain in the Carmi County Jail, which is down in my area, until DeMaias? Well, on that we would say if he's not prosecutable in federal court, he's prosecutable in state court. So, I mean, it's a pick your poison, I suppose, on which jail he's going to be housed in. So I'm confused. What exactly do you want this court to do here? Is it holding this decision in abeyance until Sessions is denied? But with him, what do you want us to do? Hold him in abeyance, it sounds like. I think status quo. He should stay where he is. Yes. Oh. You're conceding the argument, but yet you don't want us to do anything. You know, one thing we could do is summarily reverse on the ground that under Seventh Circuit precedent this is not a crime of violence and leave the government to file a petition for rehearing and ask us to hold that or to file a petition for certiorari, of which it's filed plenty in the shadow of DeMaias, and that would have the result of at least allowing J.R. out or maybe into state custody pending a final resolution by the Supreme Court. I think that's a viable option, Your Honor. Either way, J.R. will be imprisoned. And the latter option, I suppose, I would depend on if we took further action. But he's already in a state, well, he's in a county prison, so. Right. Well, going back to the earlier point, I think, right, that if the federal case goes away, there's still likely to be a state case. But if the courts summarily. But has it been brought already? I mean, is there a state case over there somewhere? I didn't see that. No, I don't believe so. The reason there is no state case is because the federal government got involved. But I would think that if the court summarily reverses, no, he would have to be released from federal custody immediately. Well, in that case, then the state officials would have all kinds of options on detaining him. They would, yes, Your Honor. I don't think there's a claim here that there's not a prosecutable action either, at least in the state. But I suppose all those options are on the table for the court. I think our brief was intended to state that we don't necessarily object to any of them. There are no further questions. Mm-hmm. Thank you. Thank you, Mr. Reitz. Anything further, Mr. Henderson? Is all this news to you? I certainly am not aware of a pending state action. Yeah. But if he is to be prosecuted for any of this, it should be in state court. That's the judgment of Congress. Federal courts are not for juveniles except in exceptional circumstances. Well, you say it's the judgment of Congress, but the prosecutor says this is a crime of violence under Section 16B, and you say the judgment of Congress should not be followed because it's unconstitutional. So don't confidently rely on the judgment of Congress when you're saying the judgment of Congress is bad. No. I think as a general matter, Congress said juveniles shouldn't be in federal court except exceptional cases. I do disagree with the executive branch in deciding this is an exceptional case, but I'll just leave it at that. Thank you, Your Honors. Thank you. Mm-hmm. All right. Thanks to both counsel. The case is taken under advisement, and the court will be in recess. Thank you. Thank you. Thank you. Thank you. Thank you.